IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ABF FREIGHT SYSTEM, INC., )
 )
                Plaintiff, )
 )
v. ) Case No. 17-2324-JWL
 )
JACK McMILLIAN, )
 )
                Defendant. )
 )
_____)

## **MEMORANDUM AND ORDER**

In this diversity action, plaintiff, a Delaware corporation with its headquarters in Fort Smith, Arkansas, asserts a negligence claim against defendant, a resident of Burrton, Kansas. Plaintiff alleges that defendant's negligently penned cattle caused plaintiff's truck (driven by plaintiff's employee) to crash in Reno County, Kansas. Trial is set for December 2018 in Kansas City, Kansas, the place of trial designated by plaintiff. This matter presently comes before the Court on defendant's motion to designate Wichita instead as the place of trial (Doc. # 40). For the reasons set forth below, the Court **grants** the motion.

D. Kan. Rule 40.2(e) provides that the Court is not bound by the parties' requests regarding the place of trial, and it may determine the place of trial upon motion by a party. *See id.* This Court has previously set forth the governing standards as follows:

> In considering a motion for intra-district transfer, the courts of this district generally look to the same factors relevant to motions for change in venue under 28 U.S.C. § 1404(a).

> . . . This statute grants a district court broad discretion in deciding a motion to transfer based on a case-by-case review of convenience and fairness. The court considers the following factors in determining whether to transfer the case: (1) plaintiff's choice of forum; (2) the convenience of the witnesses; (3) the accessibility of witnesses and other sources of proof; (4) the possibility of obtaining a fair trial; and (5) all other practical considerations that make a trial easy, expeditious and economical.
>
> The party seeking to transfer the case has the burden of proving that the existing forum is inconvenient. Generally, unless the balance weighs strongly in favor of transfer, the plaintiff's choice of forum is not disturbed. However, because that rule turns on the assumption that the plaintiff resides in the chosen forum, it is largely inapplicable if, as here, the plaintiff does not reside there.

See Twigg v. Hawker Beechcraft Corp., 2009 WL 1044942, at *1-2 (D. Kan. Apr. 20, 2009) (Lungstrum, J.) (citations and footnote omitted), *quoted in Lopez-Aguirre v. Board of County Comm'rs of Shawnee, Co., Kan.*, 2014 WL 853748, at *1 (D. Kan. Mar. 5, 2014) (Lungstrum, J.).[1] The parties agree that the third and fourth factors listed above do not apply in this case.

As noted above, the first factor, the plaintiff's choice of forum, is not entitled to significant weight where, as here, the plaintiff does not reside in the forum. *See Twigg*, 2009 WL 1044942, at *2 ("When the plaintiff does not reside in the chosen forum, the rationale for allowing the plaintiff to dictate the forum evaporates.") (citations omitted).[2]

---

[1] As the Court has noted previously, references in past opinions from this district to "transfer" within the district are technically incorrect, as this district court is not divided into divisions and the electronic case files do not exist only in a single location; nevertheless, the substantive analysis remains the same, and prior cases therefore remain persuasive. *See Lopez-Aguirre*, 2014 WL 853748, at *1.

[2] Plaintiff suggests that it also represents the interests of its driver, who recently died from cancer but who lived in Emporia, Kansas. The driver's estate is not a party,

That is especially true in this case, which arises from an accident in Reno County, well outside the Kansas City area and much closer to Wichita, and which therefore has no connection to the chosen forum. *See id.*[3]

With respect to a motion such as this one, "the relative convenience of the forum is a primary, if not the most important, factor to consider." *See id.* In this case, plaintiff's choice of Kansas City as the place of trial is overcome by the relative convenience of trying the case over four days in Wichita. Plaintiff's headquarters is equidistant from Kansas City and Wichita, but defendant lives within a 45-minute drive of the federal courthouse in Wichita. Plaintiff argues that the drive to Kansas City for defendant would be only three hours, but the much-shorter drive to Wichita would afford defendant the opportunity (with its attendant cost savings) to return home each day after trial. Defendant's two other fact witnesses (one of whom will also offer opinions as a non-retained expert) live in Hutchinson, in Reno County, within an hour's drive of Wichita (and three hours or more from Kansas City). The Kansas Highway Patrol officer who investigated the accident, whom both parties have listed as a witness, also lives in Hutchinson. Plaintiff argues that the Patrol's headquarters is in Topeka and that it would not be inconvenient for the officer

---

however. Moreover, Emporia is closer to Wichita than to Kansas City, and thus the driver did not live in the Kansas City "forum" for purposes of applying this factor.

[3] Plaintiff argues that there is at least some connection to the Kansas City area because its truck had departed from its Kansas City terminal on the day of the accident and the damaged truck was eventually sold from there. That terminal is in Missouri, however, which is outside this forum. Plaintiff also notes that the driver was seen by a doctor in Mission, Kansas, a Kansas City suburb, but he was not treated there---rather, the driver visited plaintiff's expert witness there. The case has no real connection to the Kansas City, Kansas, area for this purpose.

to travel the state's highways to Kansas City; but the officer has stated in an email to defendant that it would indeed be a burden to have to travel to Kansas City instead of Wichita for the trial, and the Court gives the convenience of this one disinterested witness paramount importance.

The only fact witness for whom Kansas City may be more convenient is the driver's brother, who lives in San Antonio, Texas, and whom plaintiff may call at trial. Plaintiff argues that there is a five-hour travel-time disparity because of the lack of a direct flight between San Antonio and Wichita, as shown by possible flights schedules for one airline. A quick review of schedules for another airline (with a hub in Dallas), however, reveals that that disparity is in fact only two hours. Plaintiff concedes that Kansas City is not more convenient for its liability expert, who resides in Dallas, Texas, and indeed, a shorter direct flight would make Wichita slightly more convenient for him. Finally, plaintiff notes that its medical expert is a sole practitioner who resides in Mission, Kansas, near Kansas City, but the Court is not as concerned about the convenience for paid experts. *See Lopez-Aguirre*, 2014 WL 853748, at \*2. Overall, Wichita is a significantly more convenient forum for this trial.

No other considerations outweigh that primary consideration of convenience. Plaintiff argues that its costs would increase with a change to Wichita, but it has not given any indication of the amount of that increase. Moreover, holding the trial in Kansas City, far from the place where this action arose, instead of at the much-closer courthouse in Wichita, would unnecessarily increase the costs and burden for defendant and most of the fact witnesses (including the one neutral witness). Accordingly, because holding this trial

in Kansas City would be inconvenient, the Court grants the motion to designate Wichita as the place of trial.

IT IS THEREFORE ORDERED BY THE COURT THAT defendant's motion to designate Wichita as the place of trial (Doc. # 40) is hereby **granted**.

IT IS SO ORDERED.

Dated this 30th day of August, 2018, in Kansas City, Kansas.

s/ John W. Lungstrum
John W. Lungstrum
United States District Judge
